DAVID G. SPIVAK (SBN 179684)
    david@spivaklaw.com
THE SPIVAK LAW FIRM
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
Telephone (818) 582-3086
Facsimile (818) 582-2561

Attorneys for Plaintiff,
JOHN CAVAZOS, and all others similarly situated
(Additional Counsel on Following Page)

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CAVAZOS, on behalf of himself and all others similarly situated, | Case No.: |
| *Plaintiff(s),* | **COLLECTIVE AND CLASS ACTION** |
| vs. | **COMPLAINT FOR:** |
| SALAS CONCRETE, INC., a California corporation; and DOES 1 through 50, inclusive, | 1. Failure to Pay Minimum and Overtime Wages in Violation of the Federal Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 & 207 |
| *Defendant(s).* | 2. Failure to Pay All Wages Earned for All Hours Worked at the Correct Rates of Pay (Lab. Code §§ 510, 1194, 1197, and 1198); |
| | 3. Failure to Provide Rest Breaks (Lab. Code §§ 226.7 and 1198); |
| | 4. Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512, and 1198); |
| | 5. Failure to Indemnify (Lab. Code §§ 1198 & 2802); |
| | 6. Wage Statement Penalties (Lab. Code § 226); |

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

7. Waiting Time Penalties (Lab. Code §§ 201-203); and
8. Unfair Competition (Bus. & Prof. Code § 17200 et seq.).

**JURY TRIAL DEMANDED**

## ADDITIONAL ATTORNEY FOR PLAINTIFF

WALTER HAINES (SBN 71075)
    walter@uelglaw.com
UNITED EMPLOYEES LAW GROUP
5500 Bolsa Ave., Suite 201
Huntington Beach, CA 92649
Telephone:  (562) 256-1047
Facsimile:   (562) 256-1006

**SPIVAK LAW**

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Cavazos v. Salas Concrete, Inc. et al.*    Class Action Complaint

Plaintiff JOHN CAVAZOS (hereafter "Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this collective and class action against Defendant SALAS CONCRETE, INC., and Does 1-50, inclusive (collectively "Defendants") for alleged violations of the California Labor Code, Industrial Welfare Commission Order No. 16-2001 (hereafter "the Wage Order"), the Business and Professions Code and the Fair Labor Standards Act ("FLSA").

2.     As set forth in more detail below, Plaintiff alleges that Defendants are liable to him and other similarly situated current and former hourly employees who worked in California as construction workers and similar positions for unpaid wages and other related relief. These claims are based on Defendants' alleged failures to (1) pay all wages for all hours worked at the correct rates of pay, including overtime and double time wages, (2) provide meal and paid rest periods, (3) indemnify Plaintiff and the below-described class for the reasonable expenses incurred during the course of performing their duties, (4) provide accurate written wage statements, (5) timely pay final wages upon termination of employment, and (6) fairly compete. Accordingly, Plaintiff now seeks to recover unpaid wages and related relief through this class action.

## JURISDICTION AND VENUE

3.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under the law of the United States, the FLSA. This court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the claims herein are part of the same case and controversy as the FLSA claims, the state and federal claims derive from a common nucleus of operative fact, the state claims will not substantially dominate over the FLSA claims, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness and

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Cavazos v. Salas Concrete, Inc. et al.*                                    Class Action Complaint

comity.

4.      On information and belief, each Defendant resides, is found, has an agent, and/or transacts business in this judicial district. The acts alleged herein have been carried out within this judicial district and have their effect within this judicial district.

5.      This court may properly maintain personal jurisdiction over Defendants because Defendants' contracts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as Defendants are subject to personal jurisdiction in this judicial district and the underlying actions involved in this case occurred in this judicial district and for the reason that there is no other judicial district in which the action may otherwise be brought.

**PARTIES**

7.      Plaintiff is a California resident. Defendants first employed Plaintiff to work in Clovis, California as an hourly construction worker from 2011 until approximately September 19, 2018, when Defendants terminated his employment.

8.      Defendant SALAS CONCRETE, INC. is a corporation organized and existing under the laws of California and a citizen of California based on Plaintiff's information and belief.

9.      Plaintiff is ignorant of the true names, capacities, relationships, and extents of participation in the conduct alleged herein, of the defendants sued as DOES 1-50, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend the Complaint to allege the true names and capacities of the DOE defendants when ascertained.

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Cavazos v. Salas Concrete, Inc. et al.*                              Class Action Complaint

10.     Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, all Defendants were the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

11.     At all relevant times, in perpetrating the acts and omissions alleged herein, Defendants, and each of them, acted pursuant to and in furtherance of a policy, practice, or a lack of a practice which resulted in Defendants not paying Plaintiff and other members of the below-described class in accordance with applicable FLSA and California labor laws as alleged herein.

12.     Plaintiff is informed and believes and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

13.     This action has been brought and may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). Class members are similarly situated persons and there are common questions of law and fact that predominate over any questions that solely affect individual class members. Class treatment is also superior to all other methods for fairly and efficiently adjudicating this controversy because it will allow a large number of similarly situated persons to both simultaneously and efficiently prosecute their common claims in a single forum without the needless duplication of effort and expense that numerous individual actions would entail. Further, Plaintiff is not aware of any difficulties that are likely to be encountered in the management of this action that would preclude class treatment. Further, this action has been brought and may be



**SPIVAK LAW**

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Cavazos v. Salas Concrete, Inc. et al.*                                    Class Action Complaint

maintained as an opt-in collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

14. **Class Definition:** The classes are defined as follows:

A. **California Class:** All persons Defendants employed in California as hourly construction workers and in comparable positions, at any time during the period beginning four years prior to the filling of this action and ending on the date that final judgment is entered in this action.

B. **FLSA Class:** All persons Defendants employed in the United States as hourly construction workers and in comparable positions, at any time during the period beginning three years prior to the filling of this action and ending on the date that final judgment is entered in this action, who file their consents to join this collective action as party plaintiffs pursuant to 29 U.S.C. § 216(b).

15. **Reservation of Rights:** Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses and/or by limitation to particular issues.

16. **Numerosity:** The Class Members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of Class Members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under Rule 23 and California law.

17. **Commonality and Predominance:** Common questions of law and fact exist as to all Class Members and predominate over any questions which affect only individual Class Members. These questions include, but are not limited to:

A. Whether Defendants failed to pay the class for all hours worked at the correct rates of pay, including minimum wages, overtime wages, and double time wages?

B. Whether Defendants failed to provide the class with all timely rest periods as required by section 11 of the Wage Order?

C. Whether Defendants failed to provide the class with all timely



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Cavazos v. Salas Concrete, Inc. et al.*                                    Class Action Complaint

meal periods as required by section 10 of the Wage Order?

      D.     Whether Defendants failed to indemnify the Class Members for the reasonable expenses they incurred during the course of performing their duties?

      E.     Whether Defendants knowingly and intentionally failed to provide the class with accurate wage statements?

      F.     Whether Defendants willfully failed to provide the class with timely final wages?

      G.     Whether Defendants engaged in unfair competition within the meaning of Business and Professions Code section 17200, *et seq.*, with respect to the class?

    18.    **Typicality:** Plaintiff's claims are typical of the other Class Members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy, practice or a lack of a policy which resulted in Defendants failing to comply with the FLSA, California Labor Code and the Business and Professions Code as alleged herein.

    19.    Upon information and belief, Plaintiff and the class members were similarly situated, had substantially similar job requirements and pay provisions, and subject to the same unlawful wage and hour policies and practices described herein and would benefit from the issuance of a Court supervised notice of the instant lawsuit and the opportunity to join in the present lawsuit. Plaintiff is pursuing similar claims and is seeking the same form of relief as to other class members.

    20.    **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise in conflict with, the interests of absent Class Members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of Class Members. Plaintiff will fairly and adequately represent and protect the interests of Class Members.

    21.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Cavazos v. Salas Concrete, Inc. et al.*           Class Action Complaint

counsel in that they have no known conflicts of interest with Plaintiff or absent Class Members, are experienced in class action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent Class Members.

22.     **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of Class Members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual Class Members are likely to be relatively small and would thus make it difficult, if not impossible, for individual Class Members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting Class Members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## FIRST CAUSE OF ACTION
### FAILURE TO PAY MINIMUM WAGES AND OVERTIME WAGES IN VIOLATION OF THE FLSA
### ( 29 U.S.C. §§ 206 and 207)
### (By Plaintiff and the FLSA Class against all Defendants)

23.     Plaintiff incorporates all paragraphs of the Complaint as if fully alleged herein.

24.     The Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq., applies to employees in industries engaged in interstate commerce.

25.     At all relevant times, Defendants were "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants employed employees, including Plaintiff.

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Cavazos v. Salas Concrete, Inc. et al.*                    Class Action Complaint

26.     At all relevant times, Plaintiff and the FLSA Class Members were employees of Defendants covered by the Title 29 United States Code section 203(e)(1) of the FLSA which states that an employer "includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

27.     Plaintiff has consented in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff's Consent to Become Party Plaintiff.  The contents of Exhibit 1 are incorporated by reference in this complaint. As this case proceeds, it is possible that other individuals will sign consent forms and join as individual plaintiffs asserting individual FLSA claims.

28.     The FLSA authorizes Plaintiff to bring this action on behalf of himself and the FLSA class members as an opt-in collective action because they are similarly situated employees of Defendants.

29.     Pursuant to 29 U.S.C. § 206(a), Plaintiff and the FLSA Class Members, as defined above, were entitled to receive minimum wages for all hours worked.

30.     Pursuant to 29 U.S.C. § 207, Plaintiff and the FLSA Class Members were entitled to receive overtime wages at a rate of one and one half (1 ½) times their regular rate of pay for any hours worked in excess of 40 hours in a workweek.

31.     To be considered an employee exempt from the FLSA overtime wage requirements, an employee must be paid on a "salary basis." 29 CFR § 541.600(a). An employee is paid on a "salary basis" if he or she receives, on a weekly or less frequent basis, "a predetermined amount" of compensation that is "not subject to reduction because of variations in the quality or quantity of the work performed." 29 CFR § 541.602(a). "If the employee is ready, willing and able to work, deductions may not be made for time when work is not available." *See* 29 C.F.R. § 541.602(a). At all relevant times, Defendants compensated Plaintiff and FLSA class members with an hourly rate of pay on a weekly basis. As such, Plaintiff and FLSA

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Cavazos v. Salas Concrete, Inc. et al.*                    Class Action Complaint

class members have not been exempt from the overtime provisions of the FLSA.

32.     At all relevant times during the applicable limitations period, Defendants failed to pay Plaintiff and the FLSA Class Members minimum wages for all hours worked, including, but not limited to, the work they performed off-the-clock before clocking in for work and after clocking out for work. Furthermore, Plaintiff and the FLSA Class Members worked more than 40 hours per week without being paid the proper overtime pay as required by the FLSA, during the period of time they worked off-the-clock. Defendants prohibited Plaintiff and the FLSA Class Members from clocking in until after they had driven from the cement yard in Clovis, CA to the assigned job site.  Upon arriving at the cement yard, Defendants  directed Plaintiff and the FLSA Class Members to pick up and load the truck trailer with sand/dirt, which took approximately 45 to 60 minutes. Defendants then directed Plaintiff and the FLSA Class Members to drive or ride in the truck, or in their personal vehicles, to their assigned jobsite, which took approximately 30 to 45 minutes (or longer, depending on the location of the job site). Once Plaintiff and the FLSA Class Members arrived at their assigned job site, Defendants instructed them to clock in for payroll purposes. Furthermore, Defendants directed Plaintiff and the FLSA Class Members to clock out as soon as their job was completed and then proceed to drive or ride in the truck to return back to the yard. Defendants directed Plaintiff and the other FLSA Class Members to perform these duties off-the-clock and failed to pay them for this off-the-clock work, including overtime wages.

33.     Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants' willful failure to pay Plaintiff and the FLSA Class Members minimum wages and overtime wages for all overtime hours worked in accordance with 29 U.S.C. §§ 206 and 207.

34.     The foregoing conduct, as alleged, constitutes a willful violation of the

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Cavazos v. Salas Concrete, Inc. et al.*                    Class Action Complaint

FLSA, within the meaning of 29 U.S.C. § 255(a).

35.     As a result of Defendants' willful and unlawful conduct, Plaintiff and other FLSA Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages and overtime wages for all overtime hours worked.

36.     Pursuant to 29 U.S.C. §§ 206 and 207, Plaintiff, on behalf of himself and the FLSA class members, seeks unpaid wages, declaratory and injunctive relief, monetary damages, liquidated damages, costs of suit, interest, and reasonable attorneys' fees as provided for under 29 U.S.C. §216(b).

<u>**SECOND CAUSE OF ACTION**</u>

**FAILURE TO PAY ALL WAGES FOR ALL HOURS WORKED AT THE CORRECT RATES OF PAY**

**(Lab. Code §§ 510, 1194, 1197, and 1198)**

**(By Plaintiff and the California Class against all Defendants)**

37.     Plaintiff incorporates all paragraphs of the Complaint as if fully alleged herein.

38.     At all relevant times, Plaintiff and the Class Members have been entitled to the benefits and protections of the California Labor Code sections 510, 1194, 1197, and 1198 and the Wage Order.

39.     Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." As the California Supreme Court has explained, this definition is disjunctive, meaning time can be an "hour worked" if either (a) the employee is subject to the employer's control, or (b) the employer suffers or permits the employee to work during that time, whether or not the employee is required to do so. *Mendiola v. CPS Sec. Solutions, Inc.* (2015) 60 Cal. 4th 833, 838 (citing *Morillion v. Royal Packing Co.* (2000) 22 Cal.4th 575, 582-83).

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Cavazos v. Salas Concrete, Inc. et al.*                                        Class Action Complaint

40.    Section 3 of the applicable Wage Order states:

(A)    Daily Overtime - General Provisions

(1)    The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a)    One and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

(b)    Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

41.    Labor Code section 510 states:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

42.     Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum wage required under the applicable Wage Order.

43.     Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

44.     Labor Code section 1198 makes it unlawful for an employer to employ an employee under conditions that violate the Wage Order.

45.     Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to him and the Class Members with respect to working conditions and compensation arrangements.

46.     At all relevant times, Defendants compensated Plaintiff and Class Members with an hourly rate of pay on a weekly basis.

47.     At all relevant times during the applicable limitations period, Defendants failed to compensate Plaintiff and the Class Members for all hours worked, including, but not limited to, the work they performed off-the-clock before clocking in for work, after clocking out for work, and overtime and double time hours accrued while working off-the-clock. Defendants prohibited Plaintiff and the Class Members from clocking in until after they had driven from the cement yard in Clovis, CA to the assigned job site.  Upon arriving at the cement yard, Defendants directed Plaintiff and the Class Members to pick up and load the truck trailer with sand/dirt, which took approximately 45 to 60 minutes. Defendants then directed Plaintiff and the Class Members to drive or ride in the truck, or in their personal vehicles, to their assigned jobsite, which took approximately 30 to 45 minutes (or

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Cavazos v. Salas Concrete, Inc. et al.*                                    Class Action Complaint

longer, depending on the location of the job site). Once Plaintiff and the Class Members arrived at their assigned job site, Defendants instructed them to clock in for payroll purposes. Furthermore, Defendants directed Plaintiff and the Class Members to clock out as soon as their job was completed and then proceed to drive or ride in the truck to return back to the yard. Defendants directed Plaintiff and the other Class Members to perform these duties off-the-clock and failed to pay them for this off-the-clock work, including overtime and double time wages.

48.   Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants' failure to compensate the class for all hours worked, including but not limited to, overtime and double time wages for all overtime and double time hours they worked.

49.   As a result of Defendants' unlawful conduct, Plaintiff and the other Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including minimum wages, overtime wages, and double time wages.

50.   Pursuant to Labor Code section 1194, Plaintiff, on behalf of himself and Class Members, seeks to recover unpaid wages, liquidated damages in amounts equal to the amounts of unpaid wages, interest thereon, and awards of reasonable costs and attorneys' fees, all in amounts subject to proof.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

### (Lab. Code §§ 226.7 and 1198)

### (Plaintiff and the California Class against all Defendants)

51.   Plaintiff incorporates all paragraphs of the Complaint as if fully alleged herein.

52.   At all relevant times during the applicable limitations period, Plaintiff



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Cavazos v. Salas Concrete, Inc. et al.*                     Class Action Complaint

and the class have been non-exempt employees of Defendants and entitled to the benefits and protections of California Labor Code sections 226.7, 1198 and the Wage Order.

53.   Labor Code § 1198 states,

> "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

54.   In relevant part, Section 11 of the Wage Order states:

> Rest Periods:
> (A)   Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. Nothing in this provision shall prevent an employer from staggering rest periods to avoid interruption in the flow of work and to maintain continuous operations, or from scheduling rest periods to coincide with breaks in the flow of work that occur in the course of the workday. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time for every four (4) hours worked, or major fraction thereof. Rest periods shall take place at employer designated areas, which may include or be limited to the employees' immediate work area

> (D)   If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

55.   In addition, Labor Code Section 226.7 states

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Cavazos v. Salas Concrete, Inc. et al.*                                      Class Action Complaint

(b)     An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c)     If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

56.     Pursuant to the Wage Order, Plaintiff and the class were entitled to be provided with net rest breaks of at least ten minutes for each four-hour period of work, or major fraction thereof.

57.     Defendants failed to provide Plaintiff with all required rest breaks in accordance with the Wage Order. Due to their work load, Plaintiff and the Class Members were not able to take their rest breaks, including a third rest break on days that they worked more than ten hours. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants had a policy, practice, or a lack of a policy which resulted in Defendants not providing the class with all rest breaks required by California law.

58.     Defendants failed to pay Plaintiff the additional wages required by California Labor Code § 226.7 for all rest breaks not provided to him. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants not providing the class with additional

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

16

wages for all rest breaks not provided to them as required by California Labor Code § 226.7.

59.     As a result of Defendants' unlawful conduct, Plaintiff and the class have suffered damages in amounts subject to proof to the extent they were not paid additional wages owed for all rest breaks not provided to them.

60.     By reason of the above, Plaintiff and the class are entitled to premium wages for workdays in which Defendants failed to provide Plaintiff and the class with meal and paid rest periods in compliance with California law pursuant to Labor Code section 226.7.

### FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 226.7, 512, and 1198)

### (By Plaintiff and the California Class against all Defendants)

61.     Plaintiff incorporates all paragraphs of the Complaint as if fully alleged herein.

62.     At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 226.7, 512 and 1198, and the Wage Order.

63.     Labor Code § 1198 states,

> "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

64.     In relevant part, Labor Code Section 512 states

> "An employer may not employ an employee for a work period of more than five hours per day without providing the employee

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

65.     In relevant part, Section 10 of the Wage Order states:

Meal Periods:
(A)     No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee…

(F)     If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

66.     Pursuant to California Labor Code § 512 and the Wage Order, Plaintiff and the class were entitled to be provided with uninterrupted meal periods of at least 30 minutes for each day they worked five or more hours. Pursuant to California Labor Code § 512, they were also entitled to a second 30-minute meal period when they worked more than ten (10) hours in a workday.

67.     During the relevant time period, Defendants failed to provide Plaintiff with all timely, uninterrupted, off-duty meal periods in accordance with California Labor Code § 512 and the Wage Order, including, but not limited to, a second 30-

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

minute uninterrupted meal periods on workdays he worked more than ten hours in a workday. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants maintained a policy, practice, or a lack of a policy which resulted in Defendants not providing Plaintiff and the class with all timely meal periods required by California Labor Code § 512 and the Wage Order.

68.     Defendants required Plaintiff and the Class Members to work into and/or through their meal periods. Furthermore, Defendants encouraged Plaintiff and the Class Members to eat their meals while driving from job site to job site and reprimanded them when they tried to take a break.

69.     Defendants failed to pay Plaintiff the additional wages required by California Labor Code § 226.7 for all meal periods not provided to him. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants not providing the class with additional wages for all meal periods not provided to them as required by California Labor Code § 226.7.

70.     As a result of Defendants' unlawful conduct, Plaintiff and the class have suffered damages in amounts subject to proof to the extent they were not paid additional wages owed for all meal periods not provided to them.

71.     By reason of the above, Plaintiff and the members of the class are entitled to premium wages for workdays in which one or more meal periods were not provided to them pursuant to California Labor Code § 226.7.

### **FIFTH CAUSE OF ACTION**

### **FAILURE TO INDEMNIFY**

### **(Lab. Code §§ 1198 & 2802)**

### **(By Plaintiff and the California Class against all Defendants)**

72.     Plaintiff incorporates all paragraphs of the Complaint as if fully alleged

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Cavazos v. Salas Concrete, Inc. et al.*                    Class Action Complaint

herein.

73.   At all relevant times, Plaintiff and the class have been non-exempt employees of Defendants and entitled to the benefits and protections of the California Labor Code sections 1198 and 2802 and the Wage Order.

74.   In pertinent part, California Labor Code section 2802(a) states, "An employer shall indemnify his or her employee[s] for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her duties."

75.   Labor Code section 1198 prohibits employers from employing their employees under conditions prohibited by the Wage Order.

76.   At all relevant times during the applicable limitations period, Defendants required Plaintiff and the Class Members to use their personal cell phones in the course of performing their duties. Defendants' management required that Plaintiff and the Class Members download the "Voxer" app, which Defendants' managers used to communicate with Plaintiff and the other Aggrieved Employees regarding work related issues and did not provide mobile phones or an alternative to them for this purpose. Defendants also required Plaintiff and the Class Members to download and use the "Punchbuddy" app on their phones to keep track of their time for payroll purposes. Further, Defendants often required Plaintiff and the Class Members to use their personal vehicles to commute to and from job sites. Defendants, however, did not reimburse Plaintiff and the Class Members for the mileage expenses and the mobile phone expenses they incurred during their employment.

77.   Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants' failure to indemnify Plaintiff and the class for the reasonable expenses they incurred during the course of performing their duties.

78.   By reason of the above, Plaintiff and the members of the class are

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Cavazos v. Salas Concrete, Inc. et al.*                                   Class Action Complaint

entitled to reimbursement for all necessary expenditures and losses and interest due and owing to within four years (4) of the date of the filing of the Complaint until the date of entry of judgment pursuant to California Labor Code section 2802(b). Further, Plaintiff, on behalf of himself and the members of the class, seeks reasonable attorney's fees pursuant to Labor Code section 2802(c).

## SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code §§ 226)

### (By Plaintiff and the California Class against all Defendants)

79.     Plaintiff incorporates all paragraphs of the Complaint as if fully alleged herein.

80.     At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of California Labor Code § 226.

81.     Pursuant to California Labor Code § 226(a), Plaintiff and the class were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement showing: a) gross wages earned; b) net wages earned; c) all applicable hourly rates in effect during the pay period; and d) the corresponding number of hours worked at each hourly rate by the employee.

82.     Pursuant to California Labor Code § 226(e), an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

83.     Pursuant to California Labor Code § 226(e), an employee is deemed to suffer injury if the employer fails to provide a wage statement. Also, an employee

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

is deemed to suffer injury if the employer fails to provide accurate and complete information as required by California Labor Code § 226(a) and the employee cannot "promptly and easily determine" from the wage statement alone one or more of the following:

A.      The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to California Labor Code § 226(a);

B.      Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period;

C.      The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682 of the California Labor Code, the name and address of the legal entity that secured the services of the employer during the pay period; and

D.      The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

84.     "Promptly and easily determine," as stated in California Labor Code § 226(e), means a reasonable person would be able to readily ascertain the information without reference to other documents or information.

85.     As alleged herein, Defendants failed to provide Plaintiff and the class all wages owed, including but not limited to, minimum, overtime and double time wages and all premium wages for unprovided rest and/or meal periods. As a result, Defendants have failed to properly and accurately itemize each employee's gross wages earned, net wages earned, the total hours worked, the corresponding number of hours worked by employees and other requirements of California Labor Code § 226. As a result, Defendants have violated California Labor Code § 226.

86.     Defendants' failure to provide Plaintiff and the class with accurate



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Cavazos v. Salas Concrete, Inc. et al.*                              Class Action Complaint

wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and the class with accurate wage statements but intentionally provided wage statements that Defendants knew were not accurate.

87.    As a result of being provided with inaccurate wage statements by Defendants, Plaintiff and the class have suffered injury. Their legal rights to receive accurate wage statements were violated and they were misled about the amount of wages they had actually earned and were owed. In addition, the absence of accurate information on their wage statements prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amounts of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records and/or has led to the submission of inaccurate information about wages to state and federal government agencies. Further, Plaintiff and the class were not able to ascertain from the wage statements whether Defendants complied with their obligations under California Labor Code § 226(a).

88.    Pursuant to California Labor Code § 226(e), Plaintiff and the class are entitled to recover the greater of actual damages, or penalties of fifty dollars ($50) for the initial pay period in which a violation of California Labor Code § 226(a) occurred and one hundred dollars for each violation of California Labor Code § 226(a) in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) per Class Member, and are also entitled to an award of costs and reasonable attorneys' fees.

## SEVENTH CAUSE OF ACTION

### WAITING TIME PENALTIES

### (Lab. Code §§ 201-203)

### (By Plaintiff and the California Class against all Defendants)

89.    Plaintiff incorporates all paragraphs of the Complaint as if fully alleged herein.

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Cavazos v. Salas Concrete, Inc. et al.*                                        Class Action Complaint

90.     Labor Code section 201 provides that all earned and unpaid wages of an employee who is discharged are due and payable immediately at the time of discharge.

91.     Labor Code section 202 provides that all earned and unpaid wages of an employee who quits after providing at least 72-hours notice before quitting are due and payable at the time of quitting and that all earned and unpaid wages of an employee who quits without providing at least 72-hours notice before quitting are due and payable within 72 hours.

92.     By failing to pay all earned minimum, overtime and double time wages, and premium wages for unprovided meal and rest periods, Defendants failed to timely pay Plaintiff and the class all earned and unpaid wages in violation of Labor Code section 201 or 202.

93.     Labor Code section 203 provides that the wages of an employee continue on a daily basis as a penalty for up to 30 days where an employer willfully fails to timely pay earned and unpaid wages to the employee in accordance with Labor Code section 201 or 202.

94.     Plaintiff is informed and believes that Defendants' failure to timely pay Plaintiff and the class all of their earned and unpaid overtime, double time and premium wages have been willful in that, at all relevant times, Defendants have deliberately maintained policies and practices that violate the requirements of the Labor Code and the Wage Order even though, at all relevant times, they have had the ability to comply with those legal requirements.

95.     Pursuant to Labor Code section 203, Plaintiff seeks waiting time penalties on behalf of himself and the class in amounts subject to proof not to exceed 30 days of waiting time penalties.

///

///

///

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Cavazos v. Salas Concrete, Inc. et al.*                                     Class Action Complaint

# **EIGHTH CAUSE OF ACTION**

## **UNFAIR COMPETITION**

### **(Bus. & Prof. Code §§ 17200, *et seq.*)**

### **(By Plaintiff and the California Class against all Defendants)**

96.    Plaintiff incorporates all paragraphs of the Complaint as if fully alleged herein.

97.    At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of the Business and Professions Code sections 17200, *et seq.*

98.    The unlawful conduct of Defendants alleged herein amounts to and Constitutes unfair competition within the meaning of California Business & Professions Code §§ 17200, *et seq.* Due to their unfair and unlawful business practices alleged herein, Defendants have unfairly gained a competitive advantage over other comparable companies doing business in California that comply with their legal obligations to compensate employees for all earned wages, provide them with all meal and rest periods, and reimburse them for all expenses.

99.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and the class have suffered injuries in fact and lost money or property. Plaintiff and the class were deprived of wages for all hours worked and for all rest and meal period not provided to them, and for unpaid wages resulting from not being provided with accurate wage statements. Defendants also failed to reimburse Plaintiff and the Class Members for the business expenses they incurred during their employment.

100.    Pursuant to California Business & Professions Code section 17203, Plaintiff and the class are entitled to restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of their unlawful and unfair business practices.

101.    Plaintiff and the class are entitled to reasonable attorneys' fees in

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Cavazos v. Salas Concrete, Inc. et al.*                                          Class Action Complaint

connection with their unfair competition claims pursuant to California Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment against Defendants as follows:

A.     An order that the action be certified as a class and collective action with respect to Plaintiff's claims;

B.     An order that Plaintiff be appointed class representative;

C.     An order that counsel for Plaintiff be appointed class counsel;

D.     Unpaid wages;

E.     Statutory penalties;

F.     Liquidated damages;

G.     Declaratory and injunctive relief;

H.     Actual damages;

I.     Restitution;

J.     Pre-judgement interest;

K.     Costs of suit;

L.     Interest;

M.     Reasonable attorneys' fees; and

N.     Such other relief as the Court deems just and proper.

///

///

///

///



**SPIVAK LAW**

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Cavazos v. Salas Concrete, Inc. et al.*                                          Class Action Complaint

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a jury trial on all issues so triable.

Respectfully submitted,

THE SPIVAK LAW FIRM

Dated: January 14, 2019

By   /s/ David Spivak
DAVID SPIVAK, Attorney for Plaintiff,
JONATHAN CAVAZOS, and all others
similarly situated

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Cavazos v. Salas Concrete, Inc. et al.*                                    Class Action Complaint

# EXHIBIT 1

## <u>CONSENT TO BECOME PARTY PLAINTIFF</u>

Fair Labor Standards Act of 1938, 29 U.S.C. 216(b)

**I, JOHN CAVAZOS, hereby consent to be a party plaintiff** seeking unpaid wages from SALAS CONCRETE INC ("Defendant"). For purposes of pursuing my unpaid wages against Defendants, I choose to be represented by DAVID SPIVAK of THE SPIVAK LAW FIRM and WALTER HAINES of UNITED EMPLOYEES LAW GROUP and other attorneys with whom they may associate.

Date: 01/14/2019 _____

Signature: _____

Printed Name: John Cavazos _____