UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CAVAZOS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SALAS CONCRETE, INC., a California Corporation,<br><br>Defendant. | No. 19-cv-00062-DAD-EPG<br><br>ORDER REQUIRING SUPPLEMENTAL BRIEFING |

This matter is before the court on the assigned magistrate judge's findings and recommendations, recommending that the unopposed motion for class certification and for preliminary approval of a class action settlement filed on behalf of plaintiff John Cavazos be granted.[1]  (Doc. Nos. 27, 31.)

In conducting its *de novo* review of the pending motion pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned has identified some potential deficiencies with the parties' settlement agreement and the pending motion, thereby necessitating this order requiring the

/////

---

[1] Pursuant to the undersigned's standing order in light of the ongoing judicial emergency in this district, motions for class certification and for preliminary or final approval of collective or class action settlements are considered in the first instance by the assigned magistrate judge, who thereafter issues findings and recommendations for the undersigned's review. (Doc. No. 26 at 3.)

1

parties to provide the court with supplemental briefing.  The court briefly summarizes the relevant facts below.

On January 1, 2019, plaintiff John Cavazos, on behalf of himself and all others similarly situated, commenced this collective and class action against defendant Salas Concrete, Inc.  (Doc. No. 1.)  This action proceeded on plaintiff's operative first amended complaint ("FAC"), which asserted a federal Fair Labor Standards Act ("FLSA") claim and several state law claims.  (Doc. No. 8.)  The FAC alleged that this court had original subject matter jurisdiction over this action based on the FLSA claim.  (*Id.* at 3.)

On January 15, 2020, plaintiff file a notice of settlement, informing the court that "the Parties successfully mediated this case and agreed on the material terms of *a class action settlement*."  (Doc. No. 24 at 3) (emphasis added).  However, the notice of settlement does not mention the FLSA collective action.

On March 20, 2020, plaintiff filed the pending motion for class certification and for preliminary approval of class action settlement, which also fails to mention the FLSA collective action.  (Doc. No. 27.)

On July 21, 2020, the assigned magistrate judge issued the pending findings and recommendations, recommending that plaintiff's unopposed motion to certify a class and for preliminary approval of class action settlement be granted, but not making any findings regarding plaintiff's FLSA claim or the FLSA collective action  (Doc. No. 31.)

Accordingly, as detailed below, the undersigned will order the parties to provide supplemental briefing to address the court's concerns.

Despite the FLSA claim being the sole basis for federal jurisdiction over this action, and despite plaintiff defining and asserting claims on behalf of a separate, nationwide putative FLSA collective, as distinct from the putative Federal Rule of Civil Procedure 23 "California class" (*see* Doc. No. 8 at 6), and despite plaintiff informing the court that the parties "have successfully mediated this *case*" (Doc. No. 24 at 3) (emphasis added), the pending motion does not seek to certify the putative FLSA collective.  Indeed, in the pending motion, plaintiff only addresses the Rule 23 class certification and preliminary approval of class action settlement standards; he does

2

not address the standards for the certification of an FLSA collective, let alone provide any analysis for whether those standards are met here. *See Campbell v. City of Los Angeles*, 903 F.3d 1090, 1101 (9th Cir. 2018) ("Collective actions and class actions are creatures of distinct texts—collective actions of section 216(b), and class actions of Rule 23—that impose distinct requirements."); *id.* at 1109 ("Preliminary certification [of an FLSA collective] refers to the dissemination of notice to putative collective members, conditioned on a preliminary determination that the collective as defined in the complaint satisfies the "similarly situated" requirement of section 216(b)."); *see also Millan v. Cascade Water Servs., Inc.*, 310 F.R.D. 593, 601 (E.D. Cal. 2015). Also of concern, the parties' settlement agreement provides for a broad release of claims, including a release of the FLSA claim, as well as any related FLSA claims that could have been asserted. (Doc. No. 27-2 at 33 –34.) Finally, the court has concerns with respect to certification of the California class and preliminary approval of the class action settlement pursuant to Rule 23.

Accordingly, the parties are directed to file supplemental briefing addressing the following issues:

1. Has plaintiff abandoned the FLSA cause of action? If he has, on what basis does this court have subject matter jurisdiction over this case?[2]
2. On what basis can the court conclude that the parties' settlement agreement is fair, reasonable, and adequate, given that it includes a broad release of FLSA claims despite the fact that there is no settlement of the FLSA collective action, and there is no showing that the settlement agreement satisfies the requirements to resolve an FLSA claim by way of settlement?[3]

---

[2] *See Wright v. Special Logistics Portland, LLC*, No. 3:15-cv-02058-SB, 2018 WL 358497, at *1 (D. Or. Jan. 10, 2018) (declining to exercise supplemental jurisdiction over remaining state law class action claims once the FLSA collection action claim was dismissed); *Edwards v. City of Long Beach*, 467 F. Supp. 2d 986, 992 (C.D. Cal. 2006) ("Plaintiffs' Rule 23 class is based solely on state law claims, and thus raises jurisdictional concerns. But for the FLSA claims, Plaintiffs would not have jurisdiction in this Court.").

[3] *See Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468, 470 (E.D. Cal. 2010) ("The FLSA limits participation in a collective action to only those parties that 'opt-in' to the suit."). *Millan*, 310

1      3.      Under the parties' settlement agreement, the released claims

> include any related Fair Labor Standards Act ('FLSA') wage claims . . ., but only for those Settlement Class Members who endorse their Settlement checks by signing under the pre-printed language under each settlement check: "By signing . . . this check, I hereby 'opt in' to the Settlement and release all claims pursuant to the [FLSA], 29 U.S.C. § 216(b) *et seq.*

(Doc. No. 72-2 at 33–34.) To the extent that the parties contend that this provision satisfies the notice requirements of FLSA collective action settlements, on what authority is that contention based?

4.      The settlement agreement provides that defendant shall deposit one seventh of the gross settlement amount ($175,000.00) with the settlement administrator ninety days after the "effective date," and that every 180 days thereafter, defendant shall deposit an additional one seventh of the gross settlement amount, until he has made the seventh payment. (Doc. No. 27-2 at 41–42.) The parties anticipate that defendant will have made all seven payments within 39 months of the effective date, and only after the final payment is made, will the settlement administrator distribute the settlement fund. (*Id.*; Doc. No. 27-1 at 17.) The pending findings and recommendations note that "the Court is concerned with this protracted payment plan and the risk that Defendant will default." (Doc. No. 31 at 19.) The undersigned shares that concern. Accordingly, the parties are directed to <u>provide authority</u> for why the payment plan called for in their settlement agreement is reasonable, fair, and adequate under Rule 23. Relatedly, the parties are directed to explain what will happen to already-deposited funds in the event that defendant defaults and is unable to make all seven payments.

5.      Pursuant to the settlement agreement, "Defendant . . . ha[s] the exclusive right to void this Settlement," in the event that "more than twenty percent (20%)" of the

---

F.R.D. at 607 (noting that the first step in certifying a proposed collective is determining "whether the proposed class should be given notice of the action") (internal quotation marks and citation omitted)

4

|   |   |   |
|---|---|---|
| 1 |   | putative class opts out of the settlement.  (Doc. No. 27-2 at 49.)  The parties are directed to <u>provide authority</u> for why this "Defendant's Right to Void Settlement" provision in the settlement agreement is reasonable, fair, and adequate under Rule 23. |
| 5 | 6. | The parties estimate "there are 40 Class Members" (Doc. No. 27-1 at 19), and at the April 24, 2020 hearing on the pending motion, the parties indicated there are 39 class members (Doc. No. 31 at 8 n.6).  How is Rule 23's numerosity requirement met in this action?[4] |
| 9 | 7. | In the pending motion, plaintiff seeks appointment of his counsel—The Spivak Law Firm and The United Employees Law Group, PC—as class counsel for the putative class.  (Doc. No. 27-1 at 21.)  Plaintiff represents that his counsel "has significant experience in employment litigation."  (*Id.*)  However, as discussed above, plaintiff's counsel asserted an FLSA claim on behalf of a putative collective, and appear to have, at best, unintentionally abandoned that claim.  The court is therefore concerned about the adequacy of counsel's representation in this matter. |
| 17 | 8. | In the pending motion, plaintiff's counsel seek attorneys' fees in the amount of one-third of the gross settlement amount, which is above the Ninth Circuit benchmark amount for attorneys' fees.[5]  (Doc. No. 27-1 at 34–40.)  Accordingly, the court directs plaintiff's counsel to provide documentation to substantiate their fee request, including but not limited to their billing records in connection with this action. |

---

[4] *See Ikonen v. Hartz Mt. Corp.*, 122 F.R.D. 258, 262 (S.D. Cal. 1988) ("As a general rule, classes of 20 are too small, classes of 20–40 may or may not be big enough depending on the circumstances of each case, and classes of 40 or more are numerous enough."); *see also Dunakin v. Quigley*, 99 F. Supp. 3d 1297, 1327 (W.D. Wash. 2015) ("Generally, 40 or more members will satisfy the numerosity requirement.") (internal quotation marks and citation omitted).

[5] *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011); *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003).

9. In the pending motion, plaintiff seeks an incentive payment of up to $10,000.00, which is significantly higher than the average recovery amount of individual class members and does not appear to be warranted in this case.  Accordingly, the court directs plaintiff to provide support for why he should receive such a large incentive payment, specifically identifying how he has participated in and contributed to the prosecution of this action.

**ORDER**

The parties are directed to jointly file a brief responsive to the issues identified above within ten (10) days from the issuance of this order.

IT IS SO ORDERED.

Dated: __**August 28, 2020**__          _Dale A. Drozd_
                                          UNITED STATES DISTRICT JUDGE