UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CAVAZOS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SALAS CONCRETE, INC., a California Corporation,<br><br>Defendant. | No. 1:19-cv-00062-DAD-EPG<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND FOR PRELIMINARY APPROVAL OF A CLASS ACTION SETTLEMENT<br><br>(Doc. Nos. 27, 31) |

On August 28, 2020, the court issued an order (Doc. No. 33) requiring the parties to provide supplemental briefing in connection with plaintiff John Cavazos's pending motion for class certification and for preliminary approval of a class action settlement. (Doc. No. 27.) The assigned magistrate judge has issued findings and recommendations  recommending the granting of plaintiff's motion. (Doc. No. 31.) The court will not repeat here its numerous concerns with the motion for class certification which resulted in the issuance of the August 28, 2020 order requiring the parties to file a joint supplemental brief addressing those concerns within ten days from the issuance of the order.

On September 1, 2020, the parties filed a stipulation which the court construed as a request for an extension of time to file the required supplemental brief. (Doc. Nos. 34, 35.) The parties sought "additional time, preferably 30 to 45 days . . . to submit the joint supplemental

1

brief," noting that "the parties need to fully conduct legal research to address the Court's concerns."[1]  (Doc. No. 34 at 2.)  On September 2, 2020, the court issued an order granting the parties' request for an extension of time and directing them to file the supplemental brief by October 2, 2020.  (Doc. No. 35.)

On September 23, 2020, the parties filed another stipulation which the court again construes as a request for an additional extension of time to file their supplemental brief.  (Doc. No. 36.)  Therein, the parties assert that "the COVID-19 pandemic has continued to create . . . obstacles for the Parties," and that they "realize that in order to provide the Court a more complete brief, both parties will need additional time to meet with their clients, prepare additional declarations, and conduct further legal research to address all of the Court's concerns articulated in its Order."  (*Id.* at 2.)  The parties therefore request "an additional 60-day extension of time to . . . file the Joint Supplemental Brief . . .."  (*Id.*)

For the reasons that follow, the court will deny the parties' request for an additional extension of time to file their supplemental brief.  The court also finds it expedient under the circumstances to decline to adopt the pending findings and recommendations and to deny the pending motion for class certification and for approval of class action settlement.

In total, the parties are requesting approximately ninety days to file their supplemental brief addressing the many concerns the court raised in its August 28, 2020 order.  Those concerns ranged from whether this court has been divested of its jurisdiction due to plaintiff's apparent abandonment of his sole federal claim in this action, a federal Fair Labor Standards Act ("FLSA"), to whether various aspects of the parties' class action settlement agreement are reasonable, fair, and adequate under Federal Rule of Civil Procedure 23.  (*See generally* Doc. No. 33.)  While the court is sympathetic to the difficulties posed by the ongoing global pandemic, the court will not grant the pending request for an extension of time to file a supplemental brief because the concerns it raised in the August 28, 2020 order are run-of-the-mill issues that

---

[1] It is unclear why the parties did not "fully conduct legal research" prior to plaintiff's filing of the pending motion for class certification and for preliminary approval of class action settlement during the over sixty days they had to file their settlement documents.  (*See* Doc. Nos. 24, 25.)  The parties' failure to do so further calls into question the adequacy of their settlement agreement.

1 routinely arise in FLSA collective and class action settlements.  Thus, the parties should have
2 thoroughly researched and briefed those issues in the first instance.

3      The many deficiencies in the pending motion for class certification and for preliminary
4 approval of a class action settlement, coupled with the facts that counsel for both parties have
5 twice now indicated to the court that they are not well-versed on the relevant law and need more
6 time to meet with their clients and prepare additional declarations, suggests to the court that the
7 parties need to go back to the drawing board in their efforts to resolve this case.

8      Accordingly,

9     1.    The court declines to adopt the findings and recommendations issued on July 21,
10         2020 (Doc. No. 31);
11     2.    Plaintiff's motion for class certification and for preliminary approval of a class
12         action settlement (Doc. No. 27) is denied without prejudice; and
13     3.    This matter is referred back to the assigned magistrate judge for further
14         proceedings, including to set a date for an initial scheduling conference, and if the
15         parties file a second notice of settlement, to provide a deadline for the parties to
16         file their dismissal documents.

17 IT IS SO ORDERED.

18   Dated: **September 24, 2020**
19                                                    UNITED STATES DISTRICT JUDGE

3