1

2

3

4

5

6

7                              UNITED STATES DISTRICT COURT

8                          FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   JOHN CAVAZOS, on behalf of himself            No. 1:19-cv-00062-DAD-EPG
     and all others similarly situated,

11                                                 ORDER DECLINING TO ADOPT THE
                       Plaintiff,                  PARTIES' STIPULATION TO CONTINUE
12                                                 FINAL APPROVAL HEARING

13          v.                                     (Doc. No. 53)

     SALAS CONCRETE INC.,
14
                       Defendant.
15

16

17          On January 6, 2021, plaintiff John Cavazos filed a motion in this court for conditional

18   certification and preliminary approval of a class and collective action settlement.  (Doc. No. 45.)

19   On February 18, 2022, the court granted preliminary approval of the proposed class action

20   settlement and conditional class certification.  (Doc. No. 52.)  In its order granting preliminary

21   approval, the court set a hearing for final approval of the proposed settlement for May 23, 2022 at

22   1:30 p.m. before the undersigned.  (*Id.* at 41.)  On April 20, 2022, the parties filed a joint

23   stipulation now pending before the court seeking to continue the final approval hearing until at

24   least ninety (90) days after April 20, 2022.  (Doc. No. 53 at 3.)

25          In their stipulation, the parties explain that defendant's counsel did not send notice of the

26   proposed settlement to the appropriate federal and state officials, as is required by the Class

27   Action Fairness Act ("CAFA") pursuant to 28 U.S.C. § 1715(b), until April 20, 2022.  (Doc. No.

28   53 at 3.)  Under § 1715(b), each defendant participating in the proposed settlement must serve

                                                    1

notice of that settlement upon certain state and federal officials within ten days of the proposed

settlement being filed in court, which in this case, would have been January 16, 2021.  (*See* Doc.

No. 45.)  In addition to requiring notice, CAFA also requires, as the parties correctly note in their

stipulation, that "[a]n order giving final approval of a proposed settlement may not be issued

earlier than 90 days after" the appropriate federal and state officials are served with notice.  28

U.S.C. § 1715(d).  Thus, because defendant did not timely serve the required notice upon the

appropriate federal and state officials under § 1715(b), the parties request in their pending

stipulation that the court continue the final approval hearing in this case until July 19, 2022 or any

date thereafter "to provide the full ninety (90) calendar days from the mailing of the Notice to run

prior to the hearing date."  (Doc. No. 53 at 3.)

Although the court cannot grant final approval of the class and collective action settlement

in this case until at least July 19, 2022, ninety days from when defendant mailed notice to the

appropriate state and federal officials on April 20, 2022,  the court may nonetheless hold a final

approval hearing before the ninety-day period under 28 U.S.C. § 1715(d) concludes.[1]  *See Wilcox*

*v. Swapp*, No. 2:17-cv-275-RMP, 2020 WL 2110411, at *1–2 (E.D. Wash. Apr. 22, 2020)

(finding that the court may hold a final approval hearing within ninety days of the defendants

providing notice under § 1715(d) because "as long as the relevant government officials are

---

[1]  The court notes that although defendant failed to timely comply with the notice requirements
under CAFA, "late mailing of notices to state and federal officials under CAFA is not fatal to
approval of settlements."  *Adoma v. University of Phoenix, Inc.*, 913 F. Supp. 2d 964, 973 (E.D.
Cal. 2012).  Instead, the critical question is whether "state and federal government officials are
allowed ninety days to object to the settlement or request to be heard."  *Wilcox v. Swapp*, No.
2:17-cv-275-RMP, 2020 WL 21104111, at *2 (E.D. Wash. Apr. 22, 2020); *see also In re
Processed Egg Products Antitrust Litigation*, 284 F.R.D. 249, 258 n.12 (E.D. Pa. 2012) (finding
that although defendant's CAFA notice was untimely, "the substance of the [CAFA notice]
requirements have been satisfied insofar as giving federal and state officials sufficient notice and
opportunity to be heard" because such officials had ninety days after defendant's notice to request
a hearing or object to the settlement); *Precision Assoc., Inc. v. Panalpina World Transp.
(Holding) Ltd.*, No. 1:08-cv-00042-BMC-PK, 2013 WL 4525323, at *17 (E.D.N.Y. Aug. 27,
2013) (holding final approval of settlement agreements in abeyance until ninety-day period
expired); *Gatdula v. CRST Intern., Inc.*, No. 2:11-cv-01285-VAP-OP, 2015 WL 12697656, at *12
(C.D. Cal. Aug. 26, 2015) ("[T]he objective of 28 U.S.C. § 1715, to wit:  allowing federal and
state officials to object to the settlement on behalf of their constituents, is a worthy goal that
should be made manifest.").

allowed ninety days to object to the settlement, the notice requirement has served its purpose"); *Gatdula v. CRST Intern., Inc.*, No. 2:11-cv-01285-VAP-OP, 2015 WL 12697656, at *1, *12 (C.D. Cal. Aug. 26, 2015) (noting that CAFA notice was only provided to the relevant government officials five days before the final approval hearing was conducted and holding the court's order granting motion for final approval of class action settlement in abeyance until ninety-day period expired).

Moreover, the settlement administrator in this action was required to send a notice packet to each class and FLSA member in this action no later than twenty-eight (28) days after the entry of this court's February 18, 2022 order granting preliminary approval of the proposed class and collective action settlement.  (Doc. No. 52 at 39.)  That deadline has long since passed, and the court assumes that the notice packets—which included the date and time for the final approval hearing set by the court—have been sent as directed by the court.[2]  (*See* Doc. No. 45-2 at 73.) Notably, in their stipulation, the parties do not address how they would notify the class and collective action members of a new final approval hearing date, nor do they propose sending class and collective action members an amended notice packet reflecting a new final approval hearing date.  Because the court may hold a final approval hearing during the ninety-day CAFA notice period and the parties have not addressed how class and collective action members would be informed of a new final approval hearing date, the court sees no reason to continue the final approval hearing currently set for May 23, 2022.

Accordingly:

1.   The parties' joint stipulation to continue the final approval hearing (Doc. No. 53) is rejected;

2.   The final approval hearing remains set for May 23, 2022;[3] and

_____

[2]  If the class notice packets have not been sent to class and collective action members as directed, the parties are directed to immediately notify the court of their failure to follow the court's order and any reasons underlying their failure to do so.

[3]  The parties are reminded that their motion for final approval of the class and collective action settlement is to be filed "at least 28 days in advance of the final approval hearing."  (Doc. No. 52 at 41.)

3.  If the Court finds that the approval of the parties' class and collective action settlement is justified, the court will hold any order granting final approval of the settlement in abeyance until at least July 19, 2022, ninety days from when defendant's counsel provided the requisite notice under 28 U.S.C. § 1715(d).

IT IS SO ORDERED.

Dated:  __**April 22, 2022**__                                    _Dale A. Drozd_

                                                              UNITED STATES DISTRICT JUDGE